IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LINDA SHELTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 05 C 5955 |
| ) | |
| CAROL SCHNEIDER, individually ) | |
| and in her official capacity as CEO ) | |
| of Advocate Christ Hospital and ) | |
| Healthcare Corporation, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Linda Shelton brings this action against Carol Schneider, Scott Keating and Advocate Christ Hospital and Healthcare Corporation (AHHC), alleging violations of her Fourth, Fifth and Fourteenth Amendment rights; violation of the Health Care Quality Improvement Act of 1986 (HCQIA), 42 U.S.C. § 11101; intentional infliction of emotional distress; and malicious prosecution. She moves for leave to file *in forma pauperis*. For the following reasons we deny plaintiff's motion and dismiss her complaint.

Pursuant to 28 U.S.C. § 1915(a), we may authorize plaintiff to proceed *in forma pauperis* if she demonstrates an inability to pay the required costs and fees. In her financial affidavit plaintiff states that she is self-employed but has been unable to work due to physical disability and legal proceedings. Although she has secured loans from family in the amount of $10,000 to pay for utilities, medication, food and clothing, and owns a home worth approximately $300,000, she currently has no income or other assets and is in default on her mortgage. Her son, dependant on her for financial support, has had to turn to family and

charitable organizations to meet his needs. In light of these representations plaintiff has evidenced her financial need.

Our inquiry, however, does not end with the finding of indigence. As part of the initial review of a petition to proceed *in forma pauperis*, we analyze the claims and dismiss the complaint if we determine that the action is frivolous or malicious, it fails to state a claim upon which relief may be granted, or seeks damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); Alston v. Debruyn, 13 F.3d 1036, 1039 (7th Cir.1994). For purposes of this decision, we take plaintiff's allegations as true. *See* Zimmerman v. Tribble, 226 F.3d 568, 571 (7th Cir.2000). And given that plaintiff appears *pro se*, we construe the pleadings liberally. *See* Henderson v. Sheahan, 196 F.3d 839, 845-46 (7th Cir.1999).

## BACKGROUND

We garner the following facts from plaintiff's complaint. Plaintiff was a staff physician at a private hospital, Advocate Christ Hospital, part of Advocate Health Care, a not-for-profit health care system in Chicago. On February 5, 2002, plaintiff took protective custody of two children pursuant to the Illinois Abuse and Neglect Child Reporting Act, 325 ILCS 5/5, based on her suspicions of medical neglect at a Department of Children and Family Services (DCFS) shelter. After speaking with DCFS, the hospital staff released the children back to it on February 6, 2002. That afternoon plaintiff attempted to share her suspicions at a Cook County Juvenile Court hearing, but was not allowed to testify and was forcibly removed from the proceedings at the judge's direction.[1] For the next week DCFS staff and/or Public Guardian Guardian staff communicated with defendant Schneider and/or other AHHC staff regarding

---

[1] Plaintiff relates further facts regarding this proceeding and subsequent court hearings regarding the children. As the only defendants in this case are hospital administrators and the hospital itself, we do not believe these facts are relevant.

plaintiff's conduct concerning the children, falsely stating that plaintiff was not a legal temporary guardian of the children. Thereafter, the AHHC pediatric department chairman called plaintiff, indicating his concern that "AHHC administrators felt that she shouldn't interfere with the government, even if she was protecting a child and they were harming the child," suggesting that she take a leave of absence from the hospital (cplt ¶ 23). Plaintiff went to the hospital to discuss the matter, meeting with the chair of emergency medicine. She was refused a meeting with defendant Schneider, Chief Executive Officer of AHHC. Thereafter, security guards ordered her to leave, stating that plaintiff had been suspended from the staff. Plaintiff was not afforded a hearing or meeting prior to her suspension. On February 9, 2002, plaintiff sought emergency room medical attention for injuries she sustained due to the rough treatment of the sheriff at the juvenile court proceedings. Although this injury did not stem from defendants' conduct, plaintiff alleges receiving substandard care and being illegally restrained at the hospital, resulting in further injuries. On February 11, 2002, plaintiff attempted to meet with AHHC administrators, specifically defendant Schneider, who eventually arrived, yelled at plaintiff for causing her problems, ordered her off the property, and told her that she could have a due process meeting in a couple of weeks. Thereafter, plaintiff was arrested and handcuffed for criminal trespass to property. Plaintiff alleges violations of various constitutional rights under 42 U.S.C. §§ 1981, 1983 and 1985, violation of HCQIA, intentional infliction of emotional distress, and malicious prosecution.

## DISCUSSION

We first address whether we have jurisdiction over these matters. Because there is no diversity of citizenship, we address whether there is jurisdiction under 28 U.S.C. § 1331 or § 1343. Jurisdiction is proper under § 1331 for civil actions "arising under the Constitution,

laws, or treaties of the United States," and proper under § 1343 for civil rights violations, specifically violations of 42 U.S.C. § 1985. We have identified four potential federal causes of action in this case, arising out of 42 U.S.C §§ 1981, 1983, 1985(b), and HCQIA. Although plaintiff also asserts state law tort and contract claims, we must find federal question jurisdiction before we can assert supplemental jurisdiction over those claims. Because we do not find federal jurisdiction, we dismiss plaintiff's complaint for failure to state a claim upon which relief can be granted.

Section 1981 reads:

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens..."

Courts have interpreted this statute only to apply to race discrimination. *See* Saint Francis College v. Al-Khazraji, 481 U.S. 604, 609 (1987); Morris v. Office Max, Inc., 89 F.3d 411, 413 (7th Cir.1996); Movement for Opportunity and Equality v. General Motors Corp., 622 F.2d 1235, 1250 (7th Cir.1980). Section 1985(b), guarding against the obstruction of justice, states that

> ... if two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws ... the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

Claims under this section are also limited to "claim[s] that the defendants were motivated in their actions by racial or some other type of invidious, class-based discrimination." Lowe v.

Letsinger, 772 F.2d 308, 311 (7th Cir.1985). *See also* Nowicki v. Ullsvik, 69 F.3d 1320, 1325 (7th Cir.1995); Hossman v. Blunk, 784 F.2d 793, 797 (7th Cir.1986). In this case plaintiff suggests that defendants acted in a discriminatory manner toward minority persons with health care coverage under Medicaid and to Medicaid psychiatric patients (cplt ¶ 6). She does not, however, allege that defendants' actions, as directed at her, were racially discriminatory. From the facts set forth it does not appear that plaintiff is suggesting that defendants suspended her because she was exercising temporary guardianship over two Hispanic children. Thus, she does not state a cause of action under either § 1981 or § 1985.

Plaintiff also alleges violations of her Fourth, Fifth and Fourteenth Amendment rights, asserting a cause of action under § 1983.[2] Section 1983 provides a cause of action only for defendant's actions taken "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." Plaintiff must show (1) deprivation of a right secured by the Constitution and laws of the United States; and (2) that defendants deprived her of such right acting under color of law. *See* Flagg Bros., Inc. v. Brooks, 436 U.S. 149, 155 (1978); Brokaw v. Mercer County, 235 F.3d 1000, 1016 (7th Cir.2000). There is no such state action in this case. Plaintiff makes allegations only against administrators of a private hospital and the hospital itself. Although she includes facts alluding to allegedly illegal conduct by DCFS staff and the Oak Lawn police department, they are not included as defendants in this action. Therefore, there is no clear state action upon which a § 1983 claim can successfully be brought.

Private actors may be considered state actors for the purposes of § 1983 actions if they

---

[2] It appears that plaintiff's civil rights claims also fail because they are untimely. *See* Williams v. Lampe, 399 F.3d 867, 870 (7th Cir.2005) (stating that statute of limitations for section 1983 claims filed in Illinois is two years).

conspire with state actors to deprive another of her constitutional rights. *See* Brokaw v. Mercer County, 235 F.3d at 1016. Such a finding, however, requires that the private citizens conspired, or agreed, with state actors to violate plaintiff's rights. There is no indication of this in the allegations. Plaintiff asserts that DCFS employees lied to defendants, who in turn acted in accordance with that information (cplt ¶¶ 9, 16, 50). She also asserts that defendant Schneider gave false information to the police (cplt ¶ 60). There is no indication, however, that the defendants ever made an agreement with DCFS employees or members of the Oak Lawn police department to violate plaintiff's constitutional rights. Therefore, plaintiff does not state a cause of action under § 1983.

Finally, plaintiff alleges breach of contract and due process violations under HCQIA. The HCQIA was enacted to reduce the number of incompetent practicing physicians through professional peer reviews, and was enacted for the purpose of protecting patients, not physicians. *See* Hancock v. Blue Cross-Blue Shield of Kansas, Inc., 21 F.3d 373, 374 (10th Cir.1994); Held v. Decatur Memorial Hosp., 16 F.Supp.2d 975, 977 (C.D.Ill.1998). Therefore, after reviewing the legislative intent and underlying purposes of HCQIA, other circuits have held that HCQIA "does not explicitly or implicitly afford aggrieved physicians a cause of action when a hospital fails to follow the HCQIA's prescribed peer review procedures." Wayne v. Genesis Medical Center, 140 F.3d 1145, 1147 (8th Cir.1998). *See also* Hancock v. Blue Cross-Blue Shield, Inc., 21 F.3d 373, 374-75 (10th Cir.1994); Bok v. Mutual Assurance, Inc., 119 F.3d 927, 928-29 (11th Cir.1997). Although the Seventh Circuit has not explicitly stated such a holding, Illinois district and state courts have agreed that HCQIA does not include a private cause of action. *See* Held v. Decatur Memorial Hosp., 16 F.Supp.2d 975 (C.D.Ill.1998); Evers v. Edward Hosp. Ass'n, 617 N.E.2d 1211, 1220 (Ill.App.1993). Therefore, plaintiff's claims

arising out of the HCQIA cannot proceed.

Plaintiff also asserts state law claims, including breach of contract, intentional infliction of emotional distress and malicious prosecution. Because we are unable to find diversity or federal question jurisdiction, we refrain from exercising supplemental jurisdiction over plaintiff's state law claims.

## CONCLUSION

For the foregoing reasons, plaintiff's motion to proceed *in forma pauperis* is denied and her complaint is dismissed.

JAMES B. MORAN
Senior Judge, U. S. District Court

Nov. 2, 2005.