IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

LINDA SHELTON,  )
 )
      Plaintiff,  )
 )
vs.  ) No. 05 C 5955
 )
CAROL SCHNEIDER, et al.,  )
 )
      Defendants.  )

## MEMORANDUM OPINION AND ORDER

Plaintiff Linda Shelton brought an action against Carol Schneider, Scott Keating, Advocate Christ Medical Center[1] ("Advocate"), Richard Divine, Peter Troy, the County of Cook, Oak Lawn Police Officer Weinert, Oak Lawn Police Sergeant Vetter, Oak Lawn Police Division Chief Kaufman, Oak Lawn Police Chief Smith, and the Village of Oak Lawn asserting violations of her civil and statutory rights. Initially, we dismissed her petition to proceed *in forma pauperis* based on a finding that she failed to state a claim upon which relief could be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff then filed a second amended complaint, asserting allegations of constitutional violations under 42 U.S.C. §§ 1981, 1983, and 1985, and pendent state law claims for intentional infliction of emotional distress, malicious prosecution, and *respondeat superior*. Based on the further allegations stated in plaintiff's second amended complaint, we reconsidered and granted plaintiff's petition to proceed *in forma pauperis* as against defendants Schneider and Advocate for constitutional violations under §§ 1981 and 1985 and intentional infliction of emotional distress. We also allowed

---

[1] Incorrectly identified as Advocate Christ Hospital and Healthcare Corporation in plaintiff's complaint.

plaintiff's malicious prosecution against defendant Schneider to continue. We dismissed all claims against the remaining defendants and all claims arising under § 1983 against all defendants. Remaining defendants Schneider and Advocate now bring a motion to dismiss on the remaining claims. For the reasons stated below, we grant defendants' motion to dismiss.

Plaintiff, a physician formerly associated with Advocate, brought this action based on a series of events that ultimately led to the revocation of her physician privileges at Advocate. The factual background is fully set forth in our two previous opinions (Shelton v. Schneider, 2005 WL 3601934 (N.D.Ill.2005) ("Shelton I") and Shelton v. Schneider, 2006 WL 59364 (N.D.Ill.2005) ("Shelton II")), and we will not restate it. Basically, plaintiff alleges that she was discriminated against for her advocacy on behalf of Medicaid and minority patients, precipitated by the hospital admittance of two Hispanic boys of whom plaintiff took emergency custody. The alleged discrimination led to revocation of plaintiff's physician privileges, arrest and prosecution for trespass, and physical and emotional scarring. In her opposition to defendants' motion to dismiss, plaintiff re-asserts her claims and encourages this court to reconsider the dismissal of the aforementioned defendants.

We begin with plaintiff's § 1981 and § 1985 claims. Section 1981 guarantees the right "to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens...." Section 1985(3) protects against "two or more persons in any State or Territory [who] conspire or go in disguise on the highway or on the premises of another, for the purposes of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws...." In Shelton II, we found that, based on plaintiff's allegations that she was subjected to retaliation

for her aggressive advocacy of children of color, plaintiff could maintain her §§ 1981 and 1985(3) claims as against defendants Schneider and Advocate.

In <u>Shelton II</u>, we found that neither plaintiff's § 1981 nor § 1985(3) claim failed "solely because plaintiff herself is not a protected minority." 2006 WL 59364 at *3. We based our understanding on <u>Sullivan v. Little Hunting Park, Inc.</u>, 396 U.S. 229 (1969), wherein the Supreme Court held that a white plaintiff could bring an action pursuant to § 1982, where plaintiff was the direct target of discrimination based on his relationship to and advocacy on behalf of a minority. In the interim, defendants have brought a Seventh Circuit case, <u>Hart v. Transit Management of Racine, Inc.</u>, 426 F.3d 863 (7th Cir.2005), to our attention. In <u>Hart</u>, the Seventh Circuit held that "§ 1981 ... encompasses only racial discrimination on account of the plaintiff's race and does not include a prohibition against retaliation for opposing racial discrimination." 426 F.3d at 866. *See also* <u>Williamson v. Denk & Roche Builders, Inc.</u>, 2006 WL 1987808, *4 (N.D.Ill.2006). Thus, it is clear that plaintiff cannot maintain a § 1981 claim for retaliation for her advocacy on behalf of minority children.[2]

We turn now to plaintiff's § 1985(3) claim. In <u>Majeske v. Fraternal Order of Police, Local Lodge No. 7</u>, 94 F.3d 307 (7th Cir.1996), the Seventh Circuit set forth the required elements of a § 1985(3) claim. The Circuit court stated:

> A plaintiff raising a claim under § 1985(3) must allege (1) the existence of a conspiracy, (2) a purpose of depriving a person or class of persons of equal protection of the laws, (3) an act in furtherance of the alleged conspiracy, and (4) an injury to person or property or a deprivation of a right or privilege granted to U.S. citizens. The plaintiff must show "some racial, or perhaps otherwise class-

---

[2] Plaintiff argues that her claims are based on contractual obligations under the Illinois Hospital Licensing Act, 210 ILCS 85/10.4, rather than an employment contract. Defendants argue that "the statute does not provide for or suggest that the granting of staff privileges constitutes a contract between an individual and the hospital." (defs' reply at 1). Although § 1981 is not limited to employment contracts, the distinction and debate here is irrelevant, because, regardless of the contract under which a § 1981 claim is brought, plaintiff has failed to allege actionable racial discrimination.

> based, invidiously discriminatory animus behind the conspirators' action," and (2) that the conspiracy aimed at interfering with rights that are protected against private, as well as official, encroachment.

94 F.3d at 311 (internal citations omitted). In Shelton II, we noted that plaintiff did not specifically state a § 1985(3) claim in her amended complaint, but because she was proceeding *pro se,* and alluded to such in her motion, we briefly discussed § 1985 and allowed plaintiff to continue with a § 1985(3) claim against defendants Schneider and Advocate.[3] We held that plaintiff's allegation that the "the CEO of Advocate Christ Hospital, along with other unknown persons, purposely railroads off the staff physicians" based on the number of physicians' minority Medicaid patients (cplt, ¶ 15), was sufficient to plead a claim under § 1985(3). Based on plaintiff's brief in response to the current motion, it has become clear that plaintiff's § 1985(3) claim is based on a conspiracy to violate an Illinois statute under 210 ILCS 85/10.4. ("ACMC through their administrators and physicians violated the MSB and State Statutes concerning it (210 ILCS 85) by illegally suspending and then revoking Plaintiff's medical staff privileges without just cause") (plf's response at 4).

Section 1985(3) does not create any substantive rights, but rather "provides a remedy for violation of the rights it designates." Great American Federal Savings & Loans Ass'n v. Novotny, 442 U.S. 366, 372 (1979). "A plaintiff suing under § 1985 must point to rights or privileges afforded to citizens under some federal law and must allege that the defendants conspired to deny the plaintiff those rights. Conspiracy to deny a right guaranteed under state

---

[3] Although the "predominate purpose of § 1985(3) was to combat the prevalent animus against Negroes and their supporters" (United Brotherhood of Carpenters and Joiners of America, Local 610, AFL-CIO v. Scott, 463 U.S. 825, 836 (1983)), it is unclear whether § 1985(3) allows for causes of action based on retaliation in a case such as this. *See* Hicks v. Resolution Trust Corp., 970 F.2d 378, 382 (7th Cir.1992); Murphy v. Mount Carmel High School, 543 F.2d 1189, 1192 (7th Cir.1976); Robinson v. Sabis Education Systems, Inc., 1999 WL 414262, *14 (N.D.Ill.1999). Because we dismiss plaintiff's § 1985 claim, we need not settle such a question.

law is not enough." Vakharia v. Swedish Covenant Hosp., 824 F.Supp. 769, 777 (N.D.Ill.1993) *abrogated on other grounds by* U.S. E.E.O.C. v. AIC Sec. Investigations, Ltd., 55 F.3d 1276 (7th Cir.1995). Thus, plaintiff cannot maintain a § 1985(3) claim based on violation of Illinois statutes. Nor can she proceed on a § 1985(3) claim based on a § 1981 violation, as we have foreclosed her § 1981 claim. Therefore, we also dismiss plaintiff's § 1985 claim.[4]

We turn now to plaintiff's § 1983 claim, dismissed in Shelton II for failure to sufficiently allege state action. Shelton II's analysis was based on the second amended complaint attached to her motion to reconsider or vacate judgment. As far as we can tell, the second amended complaint, filed in March, 2006, is identical or nearly identical to the complaint filed for Shelton II. Thus, plaintiff has failed to correct the § 1983 defects noted in our January order. Instead, plaintiff focuses on the police officers' violation of Illinois state statute 20 ILCS 85/10.4 and alleges that "[v]iolations of State Statutes was willful, purposeful and malicious, and continues to be, by the Cook County State's Attorney in numerous cases, by the Oak Lawn Police and by ACMC and its staff and administrators." (plf's response at 7). We note, once more, that a violation of state law cannot be the basis for any liability under §

---

[4] We note that we have located a similar action filed by plaintiff on July 23, 2004, against the current defendants and others. That action, Shelton v. Bump, Docket No. 04 C 4864, was dismissed by Judge Kennelly on July 28, 2004, for failure to state a federal claim under § 1915(e)(2)(B)(ii). The Seventh Circuit affirmed, finding that plaintiff could not sustain an action under 28 U.S.C. §§ 1983, 1985, or 1986. Shelton v. Bump, 118 Fed.Appx.69 (7th Cir.2004). Therefore, we wonder whether this action is barred by *res judicata*. The Second Circuit held that dismissal under § 1915(e)(2)(B)(ii) will preclude "any subsequent litigation by the same parties...concerning the transaction, or series of connected transactions, out of which the [first] action arose." Cieszkowska v. Gray Line New York, 295 F.3d 204, 205 (2d Cir.2002). The Seventh Circuit has indicated, however, that a situation in which an IFP petitioner's "complaint was simply incomprehensible and thus failed to disclose the presence or absence of a claim for which relief might be granted" and was thus dismissed, would not "operate as a bar to filing a new suit, provided the plaintiff avoided the problem that had caused the dismissal of his previous suit." Okoro v. Bohman, 164 F.3d 1059, 1063 (7th Cir.1999). Although we think this case is distinguishable from the situation suggested in Okoro because Judge Kennelly discussed the merits of plaintiff's claims, we need not decide the issue. Whether or not plaintiff's claim would be barred by *res judicata*, the onus of raising the issue belongs to defendants. Rizzo v. Sheahan, 266 F.3d 705, 714 (7th Cir.2001). Defendants' failure to raise the affirmative defense constitutes its waiver. Marcus v. Sullivan, 926 F.2d 604, 615 (7th Cir.1991).

1983. <u>Gramenos v. Jewel Companies, Inc.</u>, 797 F.2d 432, 434 (7th Cir.1986). Therefore, we again dismiss plaintiff's § 1983 claims.

As all of plaintiff's federal claims have previously been dismissed, we lack jurisdiction to consider her state law claims of malicious prosecution and intentional infliction of emotional distress. Plaintiff has had multiple opportunities to argue her case before this court, before Judge Kennelly, and before the Seventh Circuit. Thus, we dismiss with prejudice plaintiff's complaint, in its entirety.

## CONCLUSION

For the foregoing reasons, we grant defendants' motion to dismiss plaintiff's complaint and do so with prejudice.

_____<br>
JAMES B. MORAN<br>
Senior Judge, U. S. District Court

_Aug. 21_, 2006.